UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PREMIER DEALER SERVICES, INC. | * | CIVIL ACTION NO. |
| | * | |
| | * | SECTION "___" |
| VERSUS | * | |
| | * | MAGISTRATE DIVISION "__" |
| TROY DUHON, SCOTT NIETERT, | * | |
| WAYNE SKINNARD, PREMIER | * | *JURY DEMAND* |
| AUTOMOTIVE PRODUCTS, L.L.C. | * | |
| d/b/a CHRYSLER JEEP DODGE, PREMIER | * | |
| NISSAN OF FREMONT d/b/a PREMIER KIA | * | |
| OF FREMONT, PREMIER NISSAN, LLC | * | |
| d/b/a PREMIER NISSAN OF METAIRIE, | * | |
| PREMIER NISSAN OF SAN JOSE, LLC, | * | |
| PREMIER AUTOMOTIVE, L.L.C. | * | |
| d/b/a TOYOTA OF NEW ORLEANS, TOYOTA | * | |
| OF POWAY, PREMIER QUALITY IMPORTS | * | |
| D/B/A PREMIER HONDA AND PREMIER | * | |
| ASIAN IMPORTS, L.L.C. d/b/a PREMIER KIA | * | |

\* \* \* \* \* \* \* \*

## COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF

Plaintiff, Premier Dealer Services, Inc., by its attorneys, and for its *Complaint* against the

above-named Defendants, hereby alleges as follows:

- 1 -

## THE PARTIES

1.

Plaintiff, Premier Dealer Services, Inc., is an Illinois corporation, with its principal office in San Diego, California.   Since 1998, Plaintiff has been in the business of providing products and services to automotive dealerships, agents and their customers.

2.

Defendant, Troy Duhon, upon information and belief is a citizen and resident of the State of Louisiana, and of the age of majority.

3.

Defendant, Scott Nietert, upon information and belief is a citizen and resident of the State of Louisiana, and of the age of majority.

4.

Defendant, Wayne Skinnard, upon information and belief is a citizen and resident of the State of Louisiana, and of the age of majority.

5.

Defendant, Premier Automotive Products, L.L.C. d/b/a Chrysler Jeep Dodge, is a Louisiana limited liability company, with a registered office at 130000-I-10 Service Road in New Orleans, Louisiana. Upon information and belief, Defendant owns and operates an automobile dealership located at 130000-I10 Service Road in New Orleans, Louisiana.

6.

Defendant, Premier Nissan of Fremont d/b/a Premier Kia of Fremont, is a California limited liability company, with a registered office at 5601 Cushing Parkway, Fremont,

California.  Upon information and belief, Defendant owns and operates an automobile dealership located at 5701 Cushing Parkway, Fremont, California  94538.

7.

Defendant, Premier Nissan, LLC d/b/a Premier Nissan of Metairie, is a Louisiana limited liability company, with a registered office at 6636 Veterans Memorial Blvd in Metairie, Louisiana. Upon information and belief, Defendant owns and operates an automobile dealership located at 6636 Veterans Memorial Blvd in Kenner, Louisiana.

8.

Defendant, Premier Nissan of San Jose, LLC is a California limited liability company with a registered office at 2049 Century Park E, #2100, Los Angeles, California.   Upon information and belief, Defendant owns and operates an automobile dealership located at 1120 Capitol Expwy., San Jose, Ca 95136.

9.

Defendant, Premier Automotive, L.L.C.  d/b/a Toyota of New Orleans, is a Louisiana limited liability company, with a registered office  at 13150-I-10 Service Road in New Orleans, Louisiana. Upon information and belief, Defendant owns and operates an automobile dealership located at 13150 1-10 Service Rd, in New Orleans, Louisiana.

10.

Defendant, Toyota of Poway, is a California limited liability company, with a registered office at 2049 Century Parkway E, #2100, Los Angeles, California.  Upon information and belief, Defendant owns and operates an automobile dealership located at 13760 Poway Rd in Poway, California.

11.

Defendant, Premier Quality Imports d/b/a Premier Honda, is a Louisiana limited liability company with a registered office at 11801 E 1-10 Service Rd in New Orleans, Louisiana. Upon information and belief, Defendant owns and operates an automobile dealership located at 11801 E 1-10 Service Rd in New Orleans, Louisiana.

12.

Defendant, Premier Asian Imports, L.L.C.  d/b/a Premier Kia, is a Louisiana limited liability company with a registered office  at 2712 Veterans Memorial Blvd. in Kenner, Louisiana. Upon information and belief, Defendant owns and operates an automobile dealership located at 2712 Veterans Memorial Blvd. in Kenner, Louisiana.

## NATURE OF ACTION

13.

This is an action for infringement of marks registered on the U.S. Patent and Trademark Office Supplemental Register, unfair competition, and false designation of origin, under the Trademark Act of 1946, as amended (*The Lanham Act*, 15 U.S.C. § 1051 *et seq.*); the Copyright Act (17 U.S.C. § 101 et. seq.); misappropriation of trade secrets, under the *Louisiana Uniform Trade Secrets Act* (La.R.S. 51:1431 *et seq.*); unfair trade practices under La.R.S. § 51:1401 *et seq.*, including unfair competition, and unfair or deceptive acts or practices in the conduct of trade and commerce, under La.R.S. § 51:1405(A); breach of obligation, including breach of the covenant of good faith performance of an obligation, under LA. CIV. CODE arts. 1983-1987; for contractual indemnification; and for delicts under LA. CIV. CODE art. 2315 including fraud, tortious interference with business relations and conversion, arising from *inter alia*, the use, by Defendants, of Plaintiffs' service marks, copyrighted marketing materials and forms, and the

exploitation, by Defendants, of trade secrets and proprietary commercial and business information, acquired from Plaintiff in confidence, to mimic, and trade upon the goodwill and reputation of Plaintiff, in violation of Plaintiff's longstanding prior rights, and in contravention of express written agreements to which the individual Defendants herein are signatories.

## JURISDICTION

### 14.

This Court has jurisdiction over this action (1) pursuant to 28 U.S.C. § 1331, because the matter arises under the laws of the United States, namely, the Copyright Act (17 U.S.C. §101 *et. seq.*) and the Lanham Trademark Act (28 U.S.C. §1125(a); pursuant to 28 U.S.C. §1338(a) and (b) because the matter arises under Acts of Congress, including acts relating to copyright and trademarks and related unfair competition claims filed therewith; (3) pursuant to 28 U.S.C. § 1367(a) for supplemental jurisdiction over related state law claims; and pursuant to 28 U.S.C. §1332(a) and (c), because this is an action between citizens of different states and the amount in controversy exceeds $75,000.00.

## VENUE

### 15.

Venue is proper in this District under 28 U.S.C. §§ 1391 (a) if diversity), (b) and (c).

## STATEMENT OF FACTS

### PLAINTIFF, AND THE RIGHTS AT ISSUE

### 16.

Since approximately 2004, Plaintiff has been in the business of creating, marketing and administering customer loyalty programs and other products for automobile dealers.

17.

In connection therewith, Plaintiff has been using in commerce two service marks, "Lifetime Powertrain Protection" and "Lifetime Engine Protection" since May 1, 2008.

18.

Plaintiff also is the exclusive owner of copyrighted forms for use in its business, including a "Lifetime Powertrain Loyalty Program Certificate," a copy of which is attached hereto as Exhibit "1."

19.

Through its experience, Plaintiff has developed expertise in the business and has developed numerous proprietary systems and information which it provides to dealers, in connection with "Administration Agreements."

20.

Among the products Plaintiff offers is their Lifetime Powertrain Loyalty Program (the "Program"), which is designed to give a Lifetime Powertrain Loyalty Certificate to dealer customers of with the requirement that certain manufacturer's recommended maintenance be performed by the dealer's service centers. Covered parts under the Program include the drive axle and its subcomponents, the transmission/transfer case and its subcomponents, and the engine and its subcomponents.

21.

Unlike a warranty, in order to maintain eligibility under the Program customers are required to have all manufacturer recommended oil and filter changes and tire rotations performed at the dealer's service departments resulting in increased revenue to the dealer and increasing the frequency at which customers return to the dealerships.

### THE INDIVIDUAL DEFENDANTS, AND THEIR UNLAWFUL CONDUCT

22.

Beginning in approximately 2010, Defendants were contacted by Plaintiff and its agent, Dealer Services South, Inc., regarding participating in their customer loyalty programs and specifically the Lifetime Powertrain Loyalty Program.

23.

Defendants represented that they were interested in participating in the Program and incorporating the Program into their Dealerships, and Plaintiff and its agent, Dealer Services South, Inc., began making regular visits to all of the dealership locations, including dealerships in California, building relationships with Premier Automotive's personnel, and conducting regular sales, management, and finance training with Defendants' key personnel. Plaintiff and its agent, Dealer Services South, Inc., also serviced Defendants' accounts, shared commissions, and shared confidential and proprietary data and information with Defendants, at Defendants' request, including but not limited to marketing materials such as window stickers, car toppers and window hangers, the Lifetime Powertrain Loyalty Program Certificate, loss ratios, data entry, data reports, session statements, etc.

24.

On January 10, 2011, based on the statements made and actions taken by Defendants that indicated that they planned to implement the Program and enter into a long term business relationship with Plaintiff, Plaintiff and its agent, Dealer Services South, Inc. arranged for the payment of airfare, hotel, and tuition expenses to send three of Defendants' managers to specialized training in Cincinnati, Ohio.

25.

Plaintiff, and its agent, Dealer Services South, Inc., continued to provide weekly and/or periodic training to Defendants' employees and provided Defendants with marketing and other material necessary for the implantation of the Program in their dealerships.

26.

On September 20, 2011, Plaintiff entered into contracts, entitled Administration Agreements, with each of the Defendants. (Copies of these Agreements are attached hereto as Exhibits "2" through "9").

27.

Under the terms of the Administration Agreements, Defendants agreed to participate in the Lifetime Powertrain Protection and Lifetime Engine Protection plans for Defendants, to arrange for insurers and to process claims.

28.

The agreements further contained provisions acknowledging and addressing the use of Plaintiff's intellectual property. Specifically, Defendants agreed:

6.7    Intellectual Property. Premier (Plaintiff) must approve in writing all materials used by Dealer (Defendants) utilizing Premier's (Plaintiff's) or the insurer's name, trademarks, service marks, logos or trade names. This general prohibition will specifically include, but shall not be limited to, business cards, web content, letterheads and promotional and/or advertising materials. All forms, records, and supplies, including, but not limited to insurance forms and rate charts, provided by Premier (Plaintiff), are and will remain the property of Premier (Plaintiff). Dealer (Defendants) shall maintain positive control over all Program consumer forms and shall be and remain fully liable to Premier (Plaintiff) for any unauthorized use by any person of any forms proved by Premier (Plaintiff) to Dealer (Defendants).

\* \* \*

6.10.   Proprietary Information. Dealer (Defendants) acknowledges that all information obtained in the scope of its relationship with Premier (Plaintiff)

- 8 -

including but not limited to the following: trade secrets, marketing strategy, customer lists, Program performance data, past requirements of customers, and methods of doing business, to the extent that such information is not generally known by competitors, shall be deemed Proprietary Information of Premier (Plaintiff) and the insurer. As a condition of this authorization and thereafter, Dealer (Defendants) agrees not to make use of or disclose to any third parties, and Proprietary Information obtained as a result of or in connection with the relationship contemplated herein. All computer systems, procedures, forms, controls, methods, programs, software, hardware, reports, compilations, used or developed while an agent of Premier (Plaintiff) are the exclusive property of Premier (Plaintiff) or the insurer and may not be shared, sold, disclosed in any manner either during the term of this Agreement or at any time thereafter. Dealer (Defendants) acknowledges that it is the intent of this paragraph to make the insurer the beneficiary of the proscriptions with authority to take appropriate action at law or equity to enforce this provision.

29.

Notwithstanding the foregoing, in November of 2011, Plaintiff learned that Defendants had copied the marketing and administrative materials provided by Plaintiff, and used the training provided by Plaintiff, to circumvent Plaintiff and implement a program substantially similar to the Program to be provided by Plaintiff on their own. Further, Plaintiff's agent, Dealer Services South, Inc., received an anonymous phone call, traced to a Kia dealership on Veterans Blvd., in Kenner, Louisiana (Premier Asian Imports, L.L.C. d/b/a Premier Kia), that the Defendants' managers and officers met and agreed to copy all materials provided and/or shared by Plaintiff, and use all proprietary and confidential information of Plaintiff to implement the same program on its own.

30.

In fact, Defendants copied Plaintiff's form (the Lifetime Powertrain Loyalty Program Certificate) and are using the same form, with minor modifications, to give to customers. A copy of the form used by Defendants is attached hereto as Exhibit "10."

31.

Defendants misrepresented their intentions to Plaintiff to enter into a business relationship and Administration Agreements so that they could gain the materials, training and knowledge and trade secrets provided by Plaintiff and then go into direct competition with Plaintiff, and on March 7, 2012, Scott Nietert and Wayne Skinnard admitted to doing so, and Defendants were also told that this was Troy Duhon's plan all along.

32.

The activities of Defendants, as complained of herein, were and continue to be conducted willfully, maliciously, and with actual knowledge that such conduct was and remains unlawful; that such conduct was and remains in contravention of Plaintiff's rights; and that such conduct would likely result in direct injury to Plaintiff's business, reputation, and goodwill.

33.

Defendants' conduct has caused, and, if allowed to continue, will continue to cause, irreparable damage to Plaintiff's business, reputation, and goodwill, and Plaintiff has no adequate remedy at law.

## COUNT I
## COPYRIGHT INFRINGEMENT

34.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 33 hereinabove, as if more fully set forth below.

35.

Plaintiff is the exclusive owner of the rights in the "Lifetime Powertrain Loyalty Program Certificate" attached as Exhibit "11." No license or authorization has been granted to Defendants to use this work, other than the Administration Agreements.

36.

Plaintiff has applied for copyright registration for this form (the Lifetime Powertrian Loyalty Program Certificate).

37.

Defendants' copying of Plaintiff's "Lifetime Powertrain Loyalty Program Certificate" and use of its modified form is in violation of United States copyright law and the exclusive rights held by Plaintiff.

38.

Defendants' infringement of these exclusive rights was and is willful.

39.

As a result of Defendants' acts of copyright infringement and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial and is entitled to statutory damages under the Copyright Act at its discretion.

40.

Defendants' continued reproduction and use Plaintiff's copyrighted work constitutes continued copyright infringement.

41.

Unless enjoined from doing so, Defendants' infringement will continue, causing Plaintiff irreparable harm by depriving it of the right to control the use of its copyrighted work and receive revenue from it.

42.

The public interest favors protection of copyrights and enforcement of such exclusive rights against those who deliberately and willfully infringe them.

43.

Plaintiff is therefore entitled to an injunction barring Defendants from continued infringement of the copyrights of Plaintiff and other equitable relief.

## COUNT II
## FEDERAL INFRINGEMENT OF UNREGISTERED TRADEMARKS

44.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 43, hereinabove, as if more fully set forth below.

45.

This Count, arising under Section 43(a) of the *Lanham Act* (15 U.S.C. §1125(a)), is for federal infringement of trademarks not registered on the principal register.

46.

Plaintiff has used the Lifetime Powertrain Protection and Lifetime Engine Protection service marks shown in Sup. Register Nos.4,116,450 and 4,116,449, continuously, in interstate commerce, since at least as early as May, 2008.

47.

Plaintiff has also invested substantial time, effort, and financial resources, in the development, promotion, and protection of these marks.

48.

Plaintiff's service marks are suggestive, and inherently distinctive. The marks have also acquired distinctiveness and secondary meaning in the marketplace, in that consumers associate the marks with a single source of origin, namely, Plaintiff.

49.

Defendants' use of Plaintiffs' marks, marketing materials and the like, has caused, and is likely to cause confusion, including initial interest confusion, mistake, and/or deception as to the source or origin of Defendants goods, in that the public, and others, are likely to believe that Defendants' goods are supplied by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected to Plaintiff, all in violation of 15 U.S.C. § 1125(a).

50.

Defendants, by their above-enumerated acts, have willfully and knowingly infringed Plaintiff's rights in and to its service marks, and Defendants threaten to further violate and infringe Plaintiff's said rights.

51.

As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered, and will continue to suffer, loss of income, profits, and goodwill, and Defendants have acquired, and will continue to unfairly acquire, income, profits, and goodwill to which they are not entitled.

52.

Defendants' acts of trademark infringement will cause additional irreparable injury to Plaintiff if Defendants are not restrained from further violations of Plaintiff's rights.

53.

Plaintiff is entitled to an order, preliminarily and permanently enjoining Defendants from further use of the marks, or any other mark confusingly similar to Plaintiff's marks under 15 U.S.C. § 1116(a).

54.

Plaintiff is entitled to recover from Defendants, the damages sustained as a result of their infringing acts, under 15 U.S.C. § 1117(a). Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered by Defendants' said acts.

55.

Defendants' aforesaid conduct was intentional, and without foundation in law. Accordingly, Plaintiff is entitled to an award of treble damages against Defendants, under 15 U.S.C. § 1117(a).

56.

The nature and scope of Defendants' aforesaid acts make this an exceptional case, warranting attorney fees, and costs, under 15 U.S.C. § 1117(a)(3).

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

57.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 56, hereinabove, as if more fully set forth below.

58.

This Count, arising under Section 43(a) of the *Lanham Act* (15 U.S.C. §1125(a)), is for federal unfair competition and false designation of origin.

59.

Plaintiff's distinctive marks have become uniquely associated with Plaintiff, and identify Plaintiff's goods to the public.

60.

Defendants' use, and threatened continued use, of confusingly similar trade dress, and Plaintiff's marks, in connection with their own Program, constitute unfair competition, and false designations of origin as to the goods sold by and on behalf of Defendants, and comprise false and misleading representations, in violation of 15 U.S.C. § 1125(a).

61.

As a direct and proximate result of Defendants' false designations of origin and false and misleading representations, Plaintiff has been damaged, and unless Defendants are restrained by this Court, Plaintiff will continue to suffer serious, irreparable injury.

62.

Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendants, the damages sustained as a result of their aforesaid acts. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

63.

Defendants' aforesaid conduct was intentional, and without foundation in law. Accordingly, Plaintiff is entitled to an award of treble damages against Defendants, under 15 U.S.C. § 1117(a).

64.

Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order, preliminarily and permanently enjoining Defendants from further acts of unfair competition, false designations of origin, and false and misleading representations.

65.

Defendants' aforesaid acts make this an exceptional case, warranting an award of attorney fees and costs, under 15 U.S.C. § 1117(a).

## COUNT IV
## MISAPPROPRIATION OF TRADE SECRETS

66.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 65 hereinabove, as if more fully set forth below.

67.

This Count, arising under the *Louisiana Uniform Trade Secrets Act* (La.R.S. 51:1431 *et seq.*) is for misappropriation of trade secrets.

68.

Plaintiff shared information and data, including but not limited to proprietary and confidential information and data, with Defendants and Defendants use of this data and information is in direct violation of the Administration Agreements and the law has comprised trade secrets, subject to protection under the *Louisiana Uniform Trade Secrets Act* (La.R.S. §§ 51:1431 - 51:1439).

69.

The proprietary and confidential information derives independent economic value by not being accessible to Plaintiff's competitors, who can profit from its use or disclosure.

70.

Plaintiff has taken more than adequate measures, under the circumstances, to maintain the secrecy of the proprietary and confidential information above-described, including by having

Defendants sign agreements requiring that such information be kept confidential, and not disclosed to third parties.

71.

The foregoing conduct of Defendants, including, but not limited to, the disclosure, sharing, and commercial exploitation of Plaintiff's proprietary methods and procedures, constitutes an actual, as well as threatened,  misappropriation and misuse of Plaintiff's trade secret-protected information, under La.R.S.  § 51:1432(A).

72.

Defendants are liable to Plaintiff for their receipt and exploitation of the trade secrets misappropriated and improperly disclosed by Defendants, because, at the times of such disclosures and exploitation, Defendants knew that its awareness of these trade secrets was derived from and through persons who owed duties to Plaintiff, to maintain their secrecy, and limit their use.

73.

As a consequence of the foregoing conduct, Plaintiff has suffered, and/or imminently will suffer, irreparable injury and loss.

74.

Pursuant to La.R.S.  51:1432, Plaintiff is entitled to an order, preliminarily and permanently enjoining Defendants from further misappropriation of Plaintiff's trade secrets, to eliminate their unfair commercial advantage.

75.

Pursuant to La.R.S.  51:1433, Plaintiff is entitled to recover damages from Defendants, for the actual losses caused by their trade secret misappropriation, and any unjust enrichment

Defendants have derived their use that is not taken into account in computing the damages for actual loss. Plaintiff is unable to ascertain, at present, the full extent of the losses suffered as a result of Defendants' aforesaid conduct, or the extent to which Defendants have been unjustly enriched.

## COUNT V
## UNFAIR TRADE PRACTICES

76.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 75 hereinabove, as if more fully set forth below.

77.

This Count, arising under La.R.S. § 51:1401 *et seq.*, is for unfair methods of competition and unfair and deceptive acts or practices.

78.

Defendants' aforesaid activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation La.R.S. § 51:1405, and to Plaintiff's irreparable harm.

79.

Defendants intentionally misrepresented their interest in confecting Administration Agreements with Plaintiff in order to obtain from Plaintiff the training, proprietary information and trade secrets necessary for Defendants to administer their own Programs, and Troy Duhon, Scott Nietert and Wayne Skinnard have admitted to doing so.

80.

Plaintiff is serving a copy of this Complaint to the Louisiana Attorney General pursuant to La.R.S. § 51:1409(B).

81.

Pursuant to La.R.S. § 51:1409, Plaintiff is entitled to recover from Defendants, all actual damages sustained by Plaintiff as a result of Defendants' aforesaid acts, including treble damages for knowing violations after being put on notice by the Louisiana Attorney General.  Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

82.

Unless enjoined, Defendants' unfair methods of competition, and unfair and deceptive acts and practices will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief, pursuant to, *inter alia*, La.R.S. §§ 51:1407 and 51:1408.

## COUNT VI
## BREACH OF OBLIGATION

83.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 81 hereinabove,  as if more fully set forth below.

84.

This Count, arising under LA. CIV. CODE, arts. 1983-1987, is for breach of obligation, including breach of the covenant of good faith performance of an obligation.

85.

The Agreements signed by Defendants on September 20, 2011, constitute conventional obligations that are binding upon Defendants, and Defendants, through their aforesaid conduct, have, by the admission of their own employees, breached these obligations, and the covenants of good faith performance attendant thereto, in contravention of LA. CIV. CODE art. 1983.

86.

Plaintiff has been damaged by said Defendants' breaches of their obligations, and is entitled to recover all such damages sustained, pursuant to LA. CIV. CODE art. 1989.

87.

Plaintiff is further entitled to an order, preliminarily and permanently enjoining Defendants from further breaches of their aforesaid obligation, without any showing of irreparable harm, under LA. CIV. CODE art. 1987.

## COUNT VII
## CONTRACTUAL INDEMNIFICATION AND ATTORNEYS FEES

88.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 86 hereinabove, as if more fully set forth below.

89.

Paragraph 6.6 of the Administration Agreements provides:

6.6   Indemnification and Hold Harmless. Dealer (Defendants) and Premier (Plaintiff) agree to indemnify and to defend and hold the other harmless from and against any and all loss, claims, causes of cause of action, liability, expense, cost or other damage of any kind or amount whatsoever, including without limitation reasonable attorneys fees, costs of court and other costs of defense or prosecution, which arise out of or result from their respective employees, or representatives (i) breach of or failure to perform any of its duties or obligations hereunder; (ii) acting beyond the scope of any authority as may have been granted herein; or (iii) negligence, omission or willful conduct. This provision will survive termination of this Agreement.

90.

Pursuant to this provision, Plaintiff is entitled to recover all expenses, damages and costs, including attorneys fees resulting from the breach by Defendants and their employees and representatives, including all costs and attorneys fees incurred in prosecuting this action.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS (LA.C.C ART. 2315).

91.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 89 hereinabove, as if more fully set forth below.

92.

This Count, arising under Louisiana Civil Code Article 2315, is for tortious interference with business relations.

93.

Defendants have improperly, intentionally, willfully, and with malice, interfered with Plaintiff's current and prospective business relations. By using their positions as former trusted fiduciaries and agents of Plaintiff, Defendants are able to interfere with Plaintiff's current, former, and prospective customers, and such tortious interference is causing customers to transfer their business to Defendants and/or not do business with Plaintiff.

94.

As a direct and proximate result of Defendants' aforesaid tortious interference, Plaintiff has been damaged, and Plaintiff is entitled to recover all such damages sustained.

95.

Plaintiff is further entitled to an order, preliminarily and permanently enjoining Defendants from further tortious interference with Plaintiff's current and prospective business relations.

## COUNT IX
## CONVERSION (LA.C.C.ART. 2315)

96.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 94 hereinabove, as if more fully set forth below.

97.

This Count, arising under Louisiana Civil Code Article 2315, is for conversion.

98.

Defendants' possession and unlawful and improper use of Plaintiff's intellectual property, including but not limited to copyrighted material, service marks, and trade secrets, constitutes a conversion of Plaintiff's property.

99.

As a direct and proximate result of Defendants' aforesaid conversion, Plaintiff has been damaged, and Plaintiff is entitled to recover all such damages sustained.

## COUNT X
## FRAUD (LA.C.C.ART. 2315)

100.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 98 hereinabove, as if more fully set forth below.

101.

This Count, arising under Louisiana Civil Code Article 2315, is for delictual fraud or intentional misrepresentation.

102.

Defendants intentionally misrepresented their interest in confecting Administration Agreements with Plaintiff in order to obtain from Plaintiff the training, proprietary information and trade secrets necessary for Defendants to administer their own Programs, and Troy Duhon, Scott Nietert and Wayne Skinnard admitted to doing so.

103.

Plaintiff relied on Defendants' misrepresentations to their detriment, and as a consequence, shared confidential information and incurred substantial expenses and loss of opportunities to sell their products elsewhere.

104.

As a direct and proximate result of Defendants' aforesaid fraud, Plaintiff has been damaged, and Plaintiff is entitled to recover all such damages sustained.

**COUNT XI**
**UNJUST ENRICHMENT**

105.

Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 103 hereinabove, as if more fully set forth below.

106.

This Count, arising under Louisiana law, is  for unjust enrichment in the event this Court finds no other remedy available to Plaintiff under any of the foregoing Counts.

107.

Defendants were enriched to the extent that they benefitted from the information, good will and training provided by Plaintiff and Plaintiff was accordingly impoverished without justification or cause.

108.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for and seeks relief as follows:

**On The First Claim For Relief (Count I):**

A.     That the Court enter a preliminary injunction, and grant permanent injunctive relief,  against Defendants, their agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendants from infringing the copyright of the Plaintiff in any manner;

B.     That, pursuant to 17 U.S.C. § 504(b), the Court order (i)  Defendants to pay the actual as may have been sustained as a consequence of Defendants' infringement, damages suffered by Plaintiff, and any and all profits resulting from Defendants' infringement, and (ii) Defendant account for all gains profits and advantages derived directly or indirectly from its use of Plaintiff's copyrighted material.

C.     Pursuant to 17 U.S.C. § 504(c)(1), at the election of Plaintiff, the Court order that Defendant be required to pay an amount of statutory damages in a sum of not less than $30,000.00 per work infringed;

D.     That the Court find that Defendants' conduct was committed willfully, and that, pursuant to 17 U.S.C. § 504(c)(2), at the election of Plaintiff, the Court order that Defendant be required to pay an award of increased statutory damages in a sum of not less than $150,000.00 per work infringed;

E.     Pursuant to 17 U.S.C. § 505, the Court order that Defendants pay Plaintiff's full cost, legal expenses and reasonable attorneys fees incurred in this action.

**On The Second and Third Claims For Relief (Counts II & III):**

A.      That the Court enter a preliminary injunction, and grant permanent injunctive relief, against Defendants, their agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendants' use of the  marks, and designations which infringe Plaintiff's rights or which are confusingly similar thereto, and to restrain and enjoin Defendants' acts of unfair competition, false designation of origin, and false and misleading representations with respect thereto;

B.      That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendants to pay the actual damages suffered by Plaintiff, and any and all profits resulting from Defendants' infringement of Plaintiff's aforesaid trade dress and marks, and from Defendant's acts of unfair competition, false designation of origin, and false and misleading representation with respect thereto;

C.      That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendants to pay treble damages to Plaintiff; and

D.      That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendants to pay to Plaintiff the full costs of this action, including attorney fees.

**On the Fourth Claim for Relief (Count IV):**

A.      That, pursuant to La.R.S.  51:1432, the Court enter a preliminary injunction,  and grant permanent injunctive relief against Defendants, their agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendants from further misappropriation and disclosure of Plaintiff's trade secrets; and,

B.      That, pursuant to La.R.S.  51:1433, the Court order Defendants to pay the actual damages suffered by Plaintiff as a result of Defendants' misappropriation of Plaintiff's trade

secrets, together with any and all unjust enrichment Defendants have derived from their use that is not taken into account in computing Plaintiff's actual damages.

**On the Fifth Claim for Relief (Count V):**

A.     That, pursuant to La.R.S.   §§ 51:1407 and/or 51:1408, the Court enter a preliminary injunction, and grant permanent injunctive relief against Defendants, their agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendants from further unfair methods of competition, and unfair and deceptive acts or practices with respect to Plaintiff;

B.     That, pursuant to La.R.S. § 51:1409, the Court order Defendants to pay the actual damages suffered by Plaintiff as a result of Defendants' unfair methods of competition, and unfair and deceptive acts and practices;

C.     That,  pursuant to La.R.S. § 51:1409, should the Lousiana Attorney General put Defendants on notice of their violations, the Court order Defendants to pay three times the damages sustained; and,

D.     That, pursuant to La.R.S. § 51:1409, the Court order Defendants to pay to Plaintiff, its reasonable attorney's fees and the costs of this action.

**On the Sixth and Seventh Claims for Relief (Counts VI & VII):**

A.     That, pursuant to LA. CIV. CODE art. 1987, the Court enter a preliminary injunction, and grant permanent injunctive relief, against Defendants, their agents, representatives, officers, employees, and all those acting in concert therewith, to prevent, restrain, and enjoin Defendants from further breaches of the obligations embodied in the *Administration Agreements* signed by Defendants, whether or not Plaintiff is determined to have suffered irreparable harm from such breaches; and,

B.      That, pursuant to LA. CIV. CODE art. 1989, the Court order Defendants to pay to Plaintiff all damages sustained by Plaintiff as a result of Defendants' breaches of obligation.

C.      That, pursuant to the terms of the indemnification provision of the *Administration Agreements*, this Court order Defendants to pay to Plaintiff all damages and expenses, including attorneys fees, incurred in the prosecution of this suit.

**On the Eighth, Ninth and Tenth Claims for Relief (Counts VIII, IX & X):**

A.      That, the Court order Defendants to pay compensatory damages to Plaintiff, for Defendants' acts of tortious interference, conversion and fraud.

**On the Eleventh Claim for Relief (Count XI):**

A.      That the Court order Defendants to pay damages for unjust enrichment.

**On All Claims for Relief:**

A. That the Court provide Plaintiff with such other and further relief as the Court deems just and equitable.

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

***CHOPIN, WAGAR, RICHARD & KUTCHER, LLP***

By:  *s/ Bradley J. Luminais, Jr.*
        **BRADLEY J. LUMINAIS, JR. (#28663)**
        **RICHARD A. CHOPIN (#4088)**
        Two Lakeway Center, Suite 900
        3850 North Causeway Boulevard
        Metairie, Louisiana 70002
        Telephone: (504) 830-3838
        ***Attorneys for Plaintiff, Premier Dealer Services, Inc.***