**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**PREMIER DEALER SERVICES, INC.**                    **CIVIL ACTION**


**VERSUS**                                           **NO. 12-1498**


**TROY DUHON, ET AL**                                **SECTION "H"(2)**



**ORDER AND REASONS**


        The matter before the Court is a Motion to Dismiss for Failure to State a Claim filed by Troy Duhon ("Duhon"), Scott Nietert ("Nietert"), Premier Asian Imports, LLC, Premier Automotive Products, LLC, Premier Automotive, LLC, Premier Nissan, LLC, Premier Nissan of Fremont, Premier Nissan of San Jose, LLC, Premier Quality Imports, Wayne Skinner ("Skinner"), and Toyota of Poway (collectively "Moving Defendants").  (Doc. 24.)  For the following reasons Moving Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Since 2004 Plaintiff has been in the business of creating, marketing, and administering customer loyalty programs and other products for automobile dealers.  Specifically, since May 2008, Plaintiff has been using two service marks - "Lifetime Powertrain Protection" and "Lifetime Engine Protection."  Plaintiff also is the exclusive owner of the copyrighted forms for use in its business, including a "Lifetime Powertrain Loyalty Program Certificate."

When customers purchase Plaintiff's Lifetime Powertrain Loyalty Program (the "Program") it gives a Lifetime Powertrain Loyalty Certificate to dealer customers of which the customers guarantee that certain manufacturer's recommended maintenance be performed by the dealer's service centers.  Covered parts include the drive axle and its subcomponents, the transmission/transfer case and its subcomponents, and the engine and its subcomponents. Program customers are required to have all manufacturer recommended oil and filter changes and tire rotations performed at the dealer's service departments.

Defendant Dealers represented to Plaintiff in 2010 that they were interested in participating in the Program and incorporating the Program into their dealerships.  Plaintiff and its agent, Dealer Services South, began making regular visits to all dealership locations and conducting regular sales, management, and finance training with Defendants' key personnel.  On September 20, 2011 Plaintiff entered into Administration Agreements with each of the Defendants.  Under these agreements Defendants agreed to participate in the Lifetime Powertrain Protection and Lifetime

2

Engine Protection plans.

Plaintiff learned that Defendants copied the marketing and administrative materials provided by Plaintiff and used the training material to circumvent Plaintiff and implement a program substantially similar to the Program developed and provided by Plaintiff. Subsequently, Plaintiff instituted suit alleging the following: Copyright Infringement (Count One); Federal Infringement of Unregistered Trademarks (Count Two); Federal Unfair Competition and False Designation of Origin (Count Three); Misappropriation of Trade Secrets (Count Four); Unfair Trade Practices (Count Five); Breach of Obligation (Count Six); Contractual Indemnification and Attorneys Fees (Count Seven); Tortious Interference with Business Relations (Count Eight); Conversion (Count Nine); Fraud (Count Ten); and Unjust Enrichment (Count Eleven).

In September, 2012 Defendants filed a Partial Motion to Dismiss. (Doc. 7.) Defendants averred that Plaintiff cannot state a claim against Nietert, Duhon, and Skinner (collectively "Individual Defendants") because they acted in their corporate capacities. (*Id.*) Defendants further maintained that Plaintiff failed to state a claim for counts one, two, three, five, eight, nine, ten, and eleven against all Defendants. In December, 2012 the Court denied all of Defendants' Motion except as to Plaintiff's claims against the Individual Defendants.

Plaintiff filed its Amended Complaint on December 28, 2012. Moving Defendants filed the instant Motion to Dismiss on January 11, 2013. (Doc. 24.) Plaintiff opposed the Motion (Doc. 31) and Moving Defendants filed a Reply (Doc. 38). The Motion was taken under submission on

3

February 13, 2013.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  The Court need not, however, accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S. Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.  *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955).  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays*

4

*Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).


**LAW AND ANALYSIS**

The Court must assess the claims against the Individual Defendants on a claim by claim basis.  Because Plaintiff failed to amend counts three, four, five, eight, nine, and eleven those claims against the Individual Defendants are dismissed with prejudice.  After a review of the Amended Complaint the Court finds that Plaintiff has failed to sufficiently allege with specificity fraud against the Individual Defendants.  Accordingly, count ten is dismissed with prejudice against the Individual Defendants.  The Court finds that Plaintiff has sufficiently alleged claims against the Individual Defendants with respect to counts one, two, six, and seven.  Accordingly, these claims remain against all Defendants.

*I.     Counts One and Two: Copyright and Trademark Infringement*

The Court finds that Plaintiff's amendment is sufficient.  Accordingly, Moving Defendants' request to dismiss as to these claims is denied.

A.     Arguments of the Parties

Plaintiff's Complaint  alleges that "Defendants copying of its Lifetime Powertrain Loyalty Certificate and use of its modified form is in violation of United States copyright law and the exclusive rights held by Plaintiff." (*See* Doc. 7.) Plaintiff's Amended Complaint adds a paragraph

claiming that "Duhon, Neitert and Skinner individually copied Plaintiff's copyrighted works and willfully used the Plaintiff's copyrighted works in advertising and other materials, rendering Defendants individually liable." (*See* Doc. 23 at ¶43(a).)

In response, Defendants claim that this Court has already rejected Plaintiff's sole legal argument for preserving the copyright and trademark claims in granting in part the first Motion to Dismiss.  Defendants argue the amended allegation stating that "Duhon, Neitart, and Skinnard individually infringed [Plaintiff's] copyright and trademarks" was always obvious from Plaintiff's initial Complaint, therefore Plaintiff has added nothing of substance.  Plaintiff claims the Amended Complaint alleges enough to show that the Individual Defendants violated federal copyright and trademark law. Plaintiff avers that an individual acting within the corporate capacity does not relieve individuals of their personal liability.

B.    Copyright Infringement

A copyright infringement claim requires proof of (1) ownership of a valid copyright and (2) an actionable copying. *Eng'g Dynamics, Inc. v. Structural Software*, *Inc.*, 26 F.3d 1335, 1340 (5th Cir.1994) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "To establish 'ownership,' plaintiff must prove that material is original, that it can be copyrighted, and that he has complied with statutory formalities.  *Lakedreams v. Taylor*, 932 F.2d 1103, 1107–08 (5th Cir. 1991) (citation omitted).  "To establish 'copying,' plaintiff generally must show that defendant had access to material and that there is substantial similarity between the two works." *Id.* at 1108.

6

"A plaintiff has complied with statutory formalities when the Copyright Office receives the plaintiff's application for registration, fee and deposit." *Lakedreams*, 932 F.2d at 1108 (citing *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386–87 (5th Cir. 1984)). Further, an action for copyright infringement does not require the corporate veil to be pierced in order to hold individuals liable. *Eng'g Dynamics, Inc.* 26 F.3d at 1349.  This is the case even if they were acting for the corporation, because acting for the corporation does not relieve an individual of its responsibility.  *Id.*

Plaintiff correctly contends that individuals can be held liable for acts of copyright infringement when acting within a corporate capacity. The Copyright Office's receipt of Plaintiff's application for registration, fee and deposit is sufficient to satisfy the statutory formalities because Plaintiff alleges that he has applied for a copyright for the "Lifetime Powertrain Loyalty Program" form. (Doc. 7 at ¶35.)  Additionally, Plaintiff adds that the Individual Defendants "individually copied" and "willfully used" Plaintiff's copyrighted works. (Doc. 23 at  ¶43(a)). Resolving all ambiguities in favor of the Plaintiff, the Court finds that this is sufficient to raise a reasonable expectation of wrongdoing on behalf of the Individual Defendants.  Accordingly, the Court denies Moving Defendants' request to dismiss this claim against the Individual Defendants.

C.    Trademark Infringement

A cause of action for trademark infringement exists where a person "uses (1) any reproduction, counterfeit, copy, or colorable imitation of a mark; (2) without the registrant's

consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any goods; (5) where such use is likely to cause confusion, or to cause mistake or to deceive." *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir.2008).  Trademark law is designed to protect consumers from confusion about product's source and to protect trademark-owners' investment in goodwill associated with their marks. *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 846 (5th Cir. 2006).

A trademark, like a patent, can be infringed by an individual.  *Mead Johnson & Co. v. Baby's Formula Serv., Inc.,* 402 F.2d 19, 23 (5th Cir.1968).  With respect to actions against individuals, a trademark is infringed when an individual performs the act or does the things that the patent or trademark law protects against.  *Id.*  The fact that the individual may be working for a corporation may make the corporation liable as well, however does not relieve the individual of his or her responsibility.  *Id.*  Ultimately, "an individual can be held personally liable if he 'actively and knowingly caused the infringement.'"  *Taylor Made Golf Co., Inc. v. MJT Consulting Grp., LLC*, 265 F.Supp.2d 732, 746 (N.D. Tex. 2003) (quoting *Chanel Inv. v. Italian Activewear of Fla., Inc.*, 932 F.2d 1472, 1477 (11th Cir. 1991)).

Plaintiff is correct in asserting that a trademark can be infringed by an individual acting within a corporate capacity.  In the Amended Complaint, Plaintiff adds language alleging that Defendants "Duhon, Nietert, and Skinnard, individually used" the aforementioned Lifetime

8

Powertrain Protection and Lifetime engine Protection service marks of the Plaintiff.  (*See* Doc. 23 at ¶43(a).)  The Court finds this allegation sufficient to maintain an action against the Individual Defendants at this stage of the proceedings.  Accordingly, Moving Defendants' Motion to dismiss this claim against the Individual Defendants is denied.

II.     *Counts Six and Seven: Breach of Obligation and Contractual Indemnification*

The Court finds that Plaintiff's amendment to the Complaint is sufficient.  Accordingly, Moving Defendants' request to dismiss these claims against the Individual Defendants is denied.

A.     <u>Arguments of the Parties</u>

Plaintiff's Amended Complaint adds that Defendants Duhon, Nietert, and Skinnard "acted outside the scope of their corporate authority" in contracting with Plaintiff. (*See* Doc. 23 at ¶90(a).)

In response, Defendants argue that Louisiana law does not recognize individual liability for actions taken in corporate capacity. (*See* Doc. 7.) Defendants claim that Plaintiff alleges no additional facts in the Amended Complaint adding only the legal conclusion that individual defendants "acted outside the course and scope of their employment." (*See*. Doc. 24.) Defendant further alleges that Plaintiff claims Duhon, Nietert and Skinnard misappropriated intellectual property in order to establish a competing program in their dealerships from which the only plausible inference is that they acted solely within their corporate capacity. (*Id.)*

Plaintiff, on the other hand, claims that its new allegations are sufficient to place

Defendants "on notice" for breach of obligation and contractual indemnification claims. (Doc. 24.) Plaintiff claims that it is "entirely plausible that the individual Defendants acted outside of their authority in dealing with Premier." (*Id.*) Plaintiff further argues that all of the documents and testimony supporting his claim is in Defendant's possession and that if the claims are dismissed, the defendants may "flip flop" by using the defense that Duhon, Neitert and Skinnard acted outside of their corporate capacities.  (*Id.*)

  B. <u>Analysis</u>

   A mandatary who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatary had exceeded his authority or unless the principal ratifies the contract. La. Civ. Code Ann. art. 3019. Under Louisiana law, a "mandatary" (agent) is one who acts for or in place of another by authority from the latter.  *Butcher v. Superior Offshore Int'l, LLC*, 754 F. Supp. 2d 829, 835 (E.D. La. 2010). Agency is never presumed and must be proven affirmatively. *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273 (5th Cir. 1994).  To prove an agency relationship, a plaintiff must show that: (1) the principal indicated the agent was acting for it, (2) the agent acted or agreed to act on the principal's behalf, and (3) the agent was subject to the principal's control.  *Butcher v. Superior Offshore Int'l, LLC*, 754 F. Supp. 2d 829, 835 (E.D. La. 2010).

   "In Louisiana, an agent for a known principal cannot be held personally liable to a third

party unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal." *Ragas v. Tarleton*, No. 06-4137, 2006 WL 2925448, at *3 (E.D. La. Oct. 10, 2006). A mandatary-agent who exceeds his authority is personally bound to the third person, unless that third person knew at the time the contract was made that the mandatary exceeded his authority or the principle ratifies the contract. *Motin v. Travelers Ins. Co.*, No. Civ.A. 03-2487, 2003 WL 22533673, at *3 (E.D. La. Nov. 4, 2003) (citing La. Civil Code Ann. art. 3016 (West Supp.2003)). "Ratification, as applied to the law of agency, is the adoption or affirmance by principal of acts of his agent, either expressly, as by a written act, or impliedly as by acceptance of benefits of the contract." *Medallion Tower, Inc. v. Fort Lauderdale Technical Coll., Inc.,* 323 F. Supp. 180, 185 (E.D. La. 1970).

Plaintiff alleges that the Individual Defendants "acted outside of their corporate capacity." While this allegation is tenuous, this Court feels that, at this stage of the proceeding, it would be improper to dismiss these allegations against the Individual Defendants.  It is without doubt that Plaintiff's statements certainly put the Individual Defendants on notice of the claims being asserted against them.  To the extent that Plaintiff is not able to carry their burden against the Individual Defendants the Court finds that this argument more properly addressed on a summary judgment motion.  Accordingly, Moving Defendants Motion is denied as to counts six and seven.

III.    *Count Ten: Fraud and Misrepresentation*

The Court finds that Plaintiff has failed to allege with specificity the Individual Defendants' involvement in the fraud as required by Federal Rule of Civil Procedure 9(b).  Accordingly, this claim is dismissed against the Individual Defendants.

A.    <u>Arguments of the Parties</u>

Plaintiff's Amended Complaint alleges that the Individual Defendants "intentionally misrepresented their interest in confecting Administrative Agreements with Plaintiff in order to obtain training, proprietary information, and trade secrets." (Doc. 23 at ¶102(a).) Plaintiff further maintains that the Individual Defendants had no intention of adhering to these agreements, and admitted to this plan. (*Id.*)

Defendants argue that Plaintiff added "nothing of substance" to the amended fraud allegations and that the fraud claim fails under Rule 9(b). *(See* Doc. 24.)   Plaintiff avers that the Individual Defendants admitted to perpetrating a detailed scheme in order to deceive Premier and to acquire Premier's trade secrets and copyrighted works for the Defendants' use. (Doc. 24.) Plaintiff claims that because the Individual Defendants misrepresented the position of their respective principles, they are individually liable.  (*Id.)* Plaintiff does not address whether the Amended Complaint satisfies Federal Rule 9(b).

B.     Analysis

"In Louisiana, the elements of delictual fraud or intentional misrepresentation are: (1) misrepresentation of a material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Murungi v. Texas Guaranteed*, 693 F. Supp. 2d 597, 604 (E.D. La. 2010) (citing Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 627 (5th Cir. 1999)).  In essence, "under Louisiana law, the relevant inquiry [in a fraud case] is whether there was a misrepresentation, suppression, or omission of true information." *Petrohawk Properties, L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 389 (5th Cir. 2012) (citation and quotations omitted).

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9. To satisfy Rule 9(b)'s pleading requirements, the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177–78 (5th Cir.1997)).  Thus, at a minimum, a plaintiff must set forth the "[w]ho, what, when, where, and how of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citation and quotations omitted).

The Amended Complaint claims that Defendants "intentionally misrepresented their

13

interest in confecting Administrative Agreements with Plaintiff in order to obtain training, proprietary information, and trade secrets." (*See* Doc. 23 at ¶102(a)). Plaintiff's allegations of fraud and misrepresentation clearly fall under rule 9(b).  While Plaintiff has identified the speakers, Plaintiff has failed to allege with specificity the statements contended to be fraudulent, identify when and where the statements were made, and explain why the statements were fraudulent. Importantly, Plaintiff blanketly states that the Individual Defendants have admitted to being a part of this scheme, yet fail to provide any information to corroborate this statement.  This is clearly insufficient to satisfy the heightened requirements of Rule 9(b).

In sum, Plaintiff fails to meet the particularity requirements of Rule 9(b) as applicable to the Individual Defendants.  Accordingly, Plaintiff's fraud and intentional misrepresentation claims against the Individual Defendants are dismissed without prejudice.  To the extent that Plaintiff can allege sufficient facts to meet the heightened pleading requirement of Rule 9(b), Plaintiff has fifteen days to amend this claim only.[1]

---

[1]

Denial of leave to amend "may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *See Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir.2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  The policy of the federal rules, however, "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 -598 (5th Cir. 1981).  "Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Id.* (citing *Lone Star Motor Import v. Citroen Cars*, 288 F.2d 69, 75 (5th Cir. 1961)).  The Court finds that allowing the Plaintiff to amend as to the fraud allegations only

**CONCLUSION**

For the foregoing reasons, Moving Defendants' Motion to Dismiss (Doc. 24) is GRANTED IN PART and DENIED IN PART.   Specifically, Counts three, four, five, eight, nine, and eleven are dismissed with prejudice against the Individual Defendants.   Count ten is dismissed without prejudice against the Individual Defendants.   Counts one, two, six, and seven remain against the Individual Defendants.

Plaintiff has fifteen days to amend only Count Ten.


New Orleans, Louisiana on this 30th day of July, 2013.

**JANE TRICHE MILAZZO**

**UNITED STATES DISTRICT JUDGE**


comports with the standards of this Circuit.

15