UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PREMIER DEALER SERVICES, INC. | * | CIVIL ACTION NO.: 2:12-cv-01498 |
| | * | C/W 12-cv-2790 |
| | * | RE: ALL CASES |
| VERSUS | * | |
| | * | JUDGE: JANE TRICHE MILAZZO |
| | * | |
| TROY DUHON, ET AL | * | MAGISTRATE: KAREN WELLS ROBY |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **STIPULATED PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and between Plaintiff Premier Dealer Services, Inc., Defendants Troy Duhon, *et al.*, Third-Party Defendant Dealer Services South, Inc., and Third-Party Defendant Tower National Insurance Company as follows:

**WHEREAS**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, documents and information produced or exhibited by and among the parties to this action relating to trade secrets and other confidential research, development, marketing, pricing, financial information or proprietary commercial information are deemed confidential.

**THEREFORE**, an Order protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony and/or information produced or given in this action that are designated to be subject to this Order.

2. Any party or non-party (collectively, "person" or "persons") producing or filing documents in this action that have been deemed confidential for the reasons set forth in the preamble may designate such documents and the information contained therein as subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." If the document or information is not in paper form, the producing person shall use other such reasonable means as necessary to identify clearly the document or information as "Confidential."

   a. During the time that information or documents designated as "Confidential" are disclosed in a deposition or hearing, any party shall have the right to exclude, from only the portion of the deposition or hearing during which the "Confidential" information or documents is discussed, any person who has not or will not expressly agree to be bound by this Protective Order. Appropriate sections of deposition or hearing transcripts may be designated "Confidential" by any person objecting on the record and stating their intention to so designate the section of the deposition or transcript at the time of the deposition. If no objection is made on the record, the objection to confidentiality is waived. A party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days. If no motion is filed within thirty (30) days, the challenge to the objection of confidentiality is waived. All persons shall treat as "Confidential" the portion of the transcript containing an objection of confidentiality unless and

        until the Court has overruled the objection by the above-described motion procedure.

b.     The inadvertent delivery of documents and information that could properly be designated as "Confidential" shall be without prejudice to the producing person. The producing party shall have a thirty (30) day period from the date of production to designate such documents and information as "Confidential."

c.     The parties have agreed that inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work-product immunity if a request for return of such documents or information is made within five (5) business days after the producing person learns of its inadvertent production. The receiving person shall return such documents or information subject to protection under the attorney-client privilege or work-product immunity within ten (10) business days of the written notice from the producing person.

3.     Any documents, discovery responses, testimony, materials or information designated or marked "Confidential" may be disclosed by the receiving party only to the following persons, receiving party is hereby enjoined from disclosing and/or disseminating same to any other person except as provided herein, and said "Confidential" material may be used only for the purpose of this litigation and in preparation for trial:

a. The attorneys of record for the receiving party and others employed by or associated with them to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, including without limitation, outside attorneys assisting in the prosecution or defense of this action, employees of the attorneys of record or assisting outside attorneys, legal support service personnel and their employees;

b. Independent experts and consultants and their employees. No documents or information designated as "Confidential" shall be provided to any experts or consultants or the employees of either until the expert, consultant or employee has read this Order and has agreed to abide by its terms by signing a copy of the attached "Certification;"

c. The Court, Court personnel and Court reporters;

d. Persons to whom the "Confidential" documents or information was otherwise lawfully available outside of this litigation, such as third-party authors or recipients;

e. The parties, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of this litigation; and

f. Such other persons as are designated by the producing party and agreed to by all other parties in writing or by Court order. No documents or information designated as "Confidential" shall be provided to any such persons (excluding

subpart (c)) until they have read this Order and have agreed to abide by its terms by signing a copy of the attached "Certification."

The parties may agree in writing or on the record, without further order of this Court, to allow disclosure of "Confidential" documents or information to an individual who otherwise would not be authorized to receive such documents or information hereunder.

4. The parties shall refer to the procedure set forth in this Court's standing Order referred to as Procedure for Filing Documents Under Seal In Civil Cases.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes, or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order. However, the parties recognize that some of the documents produced by the producing parties may be copies of documents that the receiving party had obtained from other sources during the ordinary course of its business. Accordingly, any documents received in the ordinary course of business from sources shall not be governed by this Order even in the event that it is produced during discovery in this matter.

6. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior order of the Court after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information

5

contained in, or derived from any such materials (including but not limited to, all deposition or hearing testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order.

7. Nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any information or materials designated "Confidential."

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days of the conclusion of this action and following a written request by the designating person, all documents, transcripts, or other materials (including copies) afforded "Confidential" treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the person who produced or furnished them. This Paragraph will not prevent the party returning the "Confidential" materials from redacting information on copies of the "Confidential" materials which in the good faith judgment of counsel constitutes work product.

10. If at any time any party having possession, custody, or control of "Confidential" materials is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that had designated the materials as

"Confidential" within ten business days of receiving the subpoena or not less than five business days prior to producing the "Confidential" Material, whichever is earlier..

11. The fact that information or documents have been designated "Confidential" shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any documents or information, at the time of trial or otherwise.

**SO ORDERED AND ADJUDGED**, New Orleans, Louisiana, this 26th day of September 2013.

**GRANTED**

_____
JUDGE

Dated: September ___, 2013       **PLAINTIFF PREMIER DEALER SERVICES, INC.**

/s/Bradley J. Luminais
**BRADLEY J. LUMINAIS, JR.** (#28663)
**RICHARD A. CHOPIN** (#4088)
Chopin, Wager, Richard & Kutcher, L.L.P.
Two Lakeway Center, Suite 900
3850 North Causeway Blvd.
Metairie, LA 70002
Telephone: (504) 830-3838

Dated: September ___, 2013       **DEFENDANTS TROY DUHON, *ET AL.***

/s/ Thomas McEachin
**KYLE SCHONEKAS** (#11817)
**THOMAS MCEACHIN** (#26412)
**IAN ATKINSON** (#31605)
Schonekas, Evans, McGoey & McEachin, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112
Telephone: (504) 680-6050

                      AND

                      **EDWIN A. STOUTZ** (#7542)
                      Stoutz & Stoutz, Attorneys at Law
                      3606 Canal St.
                      New Orleans, LA 70119
                      (504) 524-0000

                      Attorneys for Troy Duhon, *et al*.

Dated: September ____, 2013    **THIRD-PARTY DEFENDANT DEALER SERVICES SOUTH, INC.**

                      */s/Rusty M. Messer*
                      **RUSTY M. MESSER** (#30634)
                      Koch & Messer
                      637 Ferdinand St.
                      Baton Rouge, Louisiana 70802
                      Telephone: (224) 223-6215

Dated: September ____, 2013    **THIRD-PARTY DEFENDANT TOWER NATIONAL INSURANCE COMPANY**

                      */s/Isaac H. Ryan*
                      **ROBERT E KERRIGAN, JR.** (#7350)
                      **ISAAC H. RYAN** (#23925)
                      Deutsch, Kerrigan & Stiles, L.L.P.
                      755 Magazine St.
                      New Orleans, Louisiana 70130
                      Telephone: (504) 581-5141

## CERTIFICATE OF SERVICE

I hereby certify that on September 25th, 2013, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

s/ Bradley J. Luminais, Jr.