**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**PREMIER DEALER SERVICES, INC.**                    **CIVIL ACTION**


**VERSUS**                                            **NO. 12-1498**


**TROY DUHON, ET AL**                                 **SECTION "H"(4)**


## ORDER AND REASONS

Before the Court are two Motions to Dismiss (Docs. 68 & 105).  The Court denied both

motions at a status conference held on October 3, 2013, with written reasons to follow.


## BACKGROUND

The facts of this case are discussed in detail in this Court's previous orders.  The controversy

in this case involves negotiations between Plaintiff, Premier Dealer Services, Inc. and Defendants

regarding the sale of several customer loyalty programs which Plaintiff markets to various

automobile dealerships.  Plaintiff alleges that Defendants fraudulently represented that they were

1

interesting in purchasing the programs for the sole purpose of gaining access to confidential details of Plaintiff's products. Plaintiff claims Defendants intended to use the confidential information to go into direct competition with Plaintiff. Defendants previously filed two motions to dismiss Plaintiff's complaint, both of which were granted in part.

Defendants have asserted a third party demand against Dealer Services South ("DSS"). DSS was allegedly Plaintiff's agent and negotiated directly with Defendants regarding the programs at issue in this litigation. Defendants allege that DSS fraudulently induced them to use the confidential details of Plaintiff's programs and that DSS forged Defendants signatures on several purported agreements between Plaintiff and Defendants.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955). Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. "A motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

**LAW AND ANALYSIS**

**I. DSS's Motion to Dismiss Third Party Complaint (Doc. 68)**

As an initial matter, the Court notes that DSS's Motion to Dismiss and Memorandum in Support is devoid of any citations to legal authorities supporting its arguments. The Motion could be denied on this basis alone.[1] DSS's attempt to include a single citation to authority in their reply brief is also insufficient. The single citation is unsupported by analysis and only arguably addresses portion of Defendants' claims.

In order for this Court to entertain a motion to dismiss for failure to state a claim, the

---

[1]LR 7.4; *See also Gonzales v. AutoZone, Inc.*, No. 09-4054, 2011 WL 2457929 (S.D. Tex. June 16, 2011); *United States v. Carriles*, No. 07-0087, 2010 WL 4918770 (W.D. Tex. Nov. 19, 2010).

movant on such a motion must necessarily identify the claim(s) which it seeks to dismiss. Furthermore, the motion must set forth the legal standard for stating a claim and explain why the offending pleading fails to meet this standard.  DSS's Motion meets none of these requirements. Instead, DSS supports its motion with conclusory allegations that Defendants' claims do not exist under either state or federal law, while failing to make even a cursory attempt to identify the substance of Defendants' claims.[2]  Because DSS has not identified the specific relief it seeks from this Court, or identified any legal authority which would permit this Court to grant the relief it seeks, the Motion to Dismiss is DENIED.

**II. Defendants' Partial Motion to Dismiss Complaint**

Defendants' move this Court to dismiss Plaintiff's fraud claim for failure to state a claim under Rule 9(b).  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim under Rule 12(b)(6)." *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)). Fifth Circuit precedent "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the

---

[2]The Court, upon reading the Third Party Demand, had no trouble identifying the claims contained therein.

statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974)).  However, "the time, place, contents, and identity standard is not a straitjacket for Rule 9(b).  Rather, the rule is context specific and flexible." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009).  Additionally, fraud may be pleaded on information and belief when "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge . . . the complaint must set forth a factual basis for such belief." *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc., et al.*, 336 F.3d 375, 385 (5th Cir. 2003).

Plaintiff's fraud claim alleges that Defendants "intentionally misrepresented their interest in confecting Administrative Agreements with Plaintiff in order to obtain training, proprietary information, and trade secrets."  Plaintiff further alleges that the Individual Defendants had no intention of adhering to these agreements, and admitted to this plan.  On July 30, 2013, the Court dismissed Plaintiff's fraud claim, with leave to amend, because Plaintiff failed to allege the claim with the specificity required by Rule 9(b).  On August 15, 2013 Plaintiff amended its complaint.

Plaintiff's amended complaint meets the Rule 9(b) standard.  In the amended complaint, Plaintiff alleges that it (through its agent) received a phone call in November of 2011 from an anonymous employee of Defendants.  The caller allegedly informed Plaintiff that Defendants had conducted a meeting in which they agreed to obtain confidential details regarding Plaintiff's programs with the specific intent of implementing those programs without compensating Plaintiff.

5

Plaintiff also alleges that it (again through its agent) received a second phone call from an employee of Defendants in November of 2011 wherein the employee informed Plaintiff that Defendants had "purposefully participated in a plan to misrepresent their intentions to enter into a business relationship with Plaintiff in order to obtain materials, training, knowledge, and trade secrets from Plaintiff, so they could go into direct competition with Plaintiff."

Finally, Plaintiff alleges that, on March 7, 2011, Defendants participated in an in-person meeting with an agent of Plaintiff.  Plaintiff alleges that, during this meeting, Defendants admitted that they had misrepresented their intentions to Plaintiff in an effort to obtain the confidential materials, and that they intended to use these materials to engage in direct competition with Plaintiff.  Plaintiff claims to possess a recording of this conversation.

Plaintiff's amended complaint alleges three separate occasions on which Plaintiff received information revealing Defendants' alleged fraud. The specific "time, place, contents, and identity" of these statements is alleged with particularity.  While Plaintiff is unable to allege the exact identity of one of the callers, and the exact time of day on which it received the calls, the Court is mindful of the Fifth Circuit's instruction that "the time, place, contents, and identity standard is not a straitjacket for Rule 9(b)."  *Kanneganti*, 565 F.3d at 190.  The Court finds that, based on the totality of Plaintiff's allegations, the amended complaint satisfies the 9(b) standard.

**CONCLUSION**

6

For the foregoing reasons, the Motions are DENIED.


New Orleans, Louisiana, this 1st day of November, 2013.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**